UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SOUTHERN OAK INSURANCE
COMPANY, as subrogee of
LAWRENCE and DIANE LASS,

    Plaintiff,

v.                                                                                  Case No. 3:25-cv-424-MMH-SJH

HAIER US APPLIANCE
SOLUTIONS, INC., d/b/a GE
APPLIANCES,

    Defendant.

## O R D E R

    **THIS CAUSE** is before the Court sua sponte. Plaintiff, Southern Oak Insurance Company (Southern Oak), initiated this action by filing a Complaint in Florida state court on March 19, 2025. See Complaint (Doc. 7). On April 18, 2025, Defendant, Haier US Appliance Solutions (Haier), removed the action to this Court, invoking jurisdiction under the diversity statute, 28 U.S.C. § 1332, see Notice of Removal (Doc. 1), and filed an answer, see Defendant, Haier US Appliance Solutions, Inc. d/b/a GE Appliances' Answer, Affirmative Defenses and Demand for Jury Trial in Response to Plaintiff's Complaint (Doc. 8), filed April 25, 2025.

Upon review of the Complaint, the Court finds it constitutes an impermissible shotgun pleading and, as such, determines that it is due to be stricken with leave given to Southern Oak to file an amended complaint that complies with the pleading rules. The Federal Rules of Civil Procedure (Rule(s)) require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted). Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted). Rule 10 requires that, in a complaint, a plaintiff "state [his] claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). And, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count[.]" Id. Rules 8 and 10 work together "to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine

which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not." Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).

Significantly, a complaint may not run afoul of the Eleventh Circuit's prohibition against shotgun pleading. See generally Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321–23 (11th Cir. 2015) (outlining four broad categories of impermissible shotgun pleadings). The Eleventh Circuit has unequivocally instructed that shotgun pleadings are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph Cnty., 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable." (collecting cases)). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." Weiland, 792 F.3d at 1321; see, e.g., id. at 1321 n.9 (collecting cases). As the court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. As such, when faced with the burden of deciphering a shotgun pleading,

it is the trial court's obligation to strike the pleading on its own initiative and force the plaintiff to replead to the extent possible under Rule 11. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

Relevant here is the third category of shotgun pleading, in which the plaintiff fails to "separate[e] into a different count each cause of action or claim for relief." See Weiland, 792 F.3d at 1322–23, 1323 n.13 (collecting cases); see also Fed. R. Civ. P. 10(b). Southern Oak's Complaint falls into this category because it contains only two counts—one for strict liability and one for negligence—but each count includes more than one theory of relief. See Complaint ¶¶ 25, 29 (appearing to assert product liability claims under manufacturing defect and failure to warn theories without separating each theory into a separate count). Notably, in analogous circumstances, the Eleventh Circuit has held that this manner of pleading product liability claims is improper. See Burke v. Custom Marine Grp., 847 F. App'x 578, 581 (11th Cir. 2021) ("In Count V, [the plaintiff] alleged 'Negligent Manufacturing, Design, Failure to Warn, Etc.' against the … defendants. These are distinct theories of

liability that involve different facts and should be asserted independently."); see also Bailey v. Janssen Pharmaceutica, Inc., 288 F. App'x 597, 602, 605–06 (11th Cir. 2008) (holding that a district court abused its discretion by dismissing, with prejudice, a product liability action arising from the lethal administration of prescribed fentanyl when the plaintiff asserted negligent design, manufacturing defect, and failure-to-warn-the-learned-intermediary theories in the same count, but noting that the complaint was nevertheless a shotgun pleading).[1] In the undersigned's experience, directing repleader in these circumstances results in greater clarity and efficiency at the summary judgment stage of the proceedings. See Fed. R. Civ. P. 1 (the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action"). As such, the Court will strike the Complaint and direct Southern Oak to file an amended complaint separating into different counts any failure-to-warn theories from other theories of liability.[2] See Holbrook v. Castle Key Ins. Co., 405 F. App'x

---

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[2] The Court heeds the Eleventh Circuit's observation in Bailey that it is not necessary to separate claims for manufacturing and design defects into separate counts because "it would be difficult at such an early stage in the litigation for a plaintiff to know whether a defect was due to a product's design or manufacture." Bailey, 288 F. App'x at 605.

459, 460–61 (11th Cir. 2010) ("The district court has the inherent authority <u>sua sponte</u> to require the plaintiff to file a more definite statement.").

Accordingly, it is

**ORDERED:**

1. Southern Oak Insurance Company's Complaint (Doc. 7) is **STRICKEN**.

2. On or before **May 26, 2025**, Southern Oak shall file an amended complaint that complies with the Federal Rules of Civil Procedure and the directives of this Order.

3. Within the time permitted by Rule 15(a)(3), Defendant shall file an amended answer.

**DONE AND ORDERED** in Jacksonville, Florida, on May 12, 2025.

MARCIA MORALES HOWARD
United States District Judge

lc33

Copies to:

Counsel of record