UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SOUTHERN OAK INSURANCE
COMPANY, etc.,

       Plaintiff,

v.                                      CASE NO. 3:25-cv-424-MMH-SJH

HAIER US APPLIANCE
SOLUTION, INC., etc.,

       Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Joint Motion for Stipulated Protective Order ("Motion"). Doc. 20. The Motion is due to be denied without prejudice.

Initially, the proposed Stipulated Protective Order ("Protective Order"), Doc. 20-1,[1] is unclear in several respects. For example, the Protective Order has a host of cross-referenced defined terms that appear in some instances unnecessary and/or confusing more than clarifying. *Id.* at 2-3. Among other things, it is unclear why a definition for "Court" is included, but the definition that is nevertheless included is unduly restrictive, unclear, and unworkable.[2] *Id.* at 2. And, despite the various

---

[1] While the Motion is signed by all counsel, Doc. 20 at 4-5, the Protective Order, despite signature blocks for all counsel and references to it applying to only signatories and the "undersigned Parties," is not, Doc. 20-1 at 8, 12, 16-18.

[2] The Protective Order purports to define "Court" to mean, "collectively, the Hon. Marcia Morales Howard, or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings." *Id.* at 2. This definition improperly

definitions, still other capitalized terms are utilized (thus suggesting that the plain and ordinary meaning does not suffice) without definition (*e.g.*, "Materials," "Proceedings," and "Protected Material"). *See id.* at 2-3, 5, 8, 15.

Various other terms are also problematic or confusing. The Court is skeptical that entire depositions are properly designated as confidential, and even more-so that this case name and number may be so designated. *Id.* at 4. The Protective Order does not appear to provide for potentially necessary disclosures, including to a mediator and/or certain trial (as opposed to non-trial) witnesses. *Id.* at 8-10. And the Protective Order contains a consent to jurisdiction provision for nonparties that is not entirely clear, but that may, in some applications, be inconsistent with Fed. R. Civ. P. 45. *Id.* at 12.

Additionally, the Court will not enter a protective order that is inconsistent with Local Rule 1.11 or applicable law. But the Protective Order, particularly Paragraph 17, is so inconsistent. *See id.* at 14; Local Rule 1.11; *see also TMH Med., Servs., LLC, v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, No. 6:17-cv-920-Orl-37DCI, 2018 WL 1918262, at *3 (M.D. Fla. Jan. 17, 2018) ("[T]he parties' private agreement concerning confidentiality does not bind the Court, whether or not the parties agree that

---

purports to limit this Court's review and consideration of any materials submitted to the Court. *Cf. TMH Med. Servs., LLC v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, No. 6:17-cv-920-Orl-37DCI, 2018 WL 1918262, at *3 n.1 (M.D. Fla. Jan. 17, 2018). Compounding this fundamental problem, the manner in which it does so—for example, by (inaccurately) suggesting that at a given time only a single judge might be assigned to this case or have access to its filings, and limiting access in turn by reference to the (singular and defined term) "Proceeding" followed by the (plural and undefined) "such proceedings"—is unworkable regardless. Doc. 20-1 at 2.

documents 'shall' be under seal. That is one of the reasons the Court did not, and does not as a general matter, enter blanket confidentiality orders requested by parties.") (internal citations omitted); *In re Engle Cases*, No. 3:09-cv-10000-J-32JBT, 2011 WL 13142139, at *1-2 (M.D. Fla. Aug. 25, 2011) (denying motion for entry of proposed protective order that did "not appear to recognize the applicable law and rule regarding filing of documents under seal" and reminding that "whether documents may be filed under seal is a separate issue from whether the parties may agree that the documents are confidential").

The proposed Protective Order also contemplates this Court's retention of jurisdiction after the termination of this litigation, Doc. 20-1 at 15-16, an invitation this Court ordinarily declines, *see, e.g., State Farm Mut. Auto. Ins. Co. v. Advantacare of Fla., LLC*, No. 6:19-cv-1837-Orl-41LRH, 2020 WL 9172988, at *4 (M.D. Fla. May 18, 2020); *Kristoff-Rampata v. Publix Super Markets, Inc.*, No. 3:15-cv-1324-J-20PDB, 2016 WL 11431488, at *4 (M.D. Fla. Sept. 9, 2016).

For the foregoing reasons, the Court will deny the Motion without prejudice. If the parties continue to seek relief from the Court, stipulated or otherwise, they must file a renewed motion and memorandum of law in accordance with the instructions herein. Alternatively, the parties are free to stipulate and enter into a private confidentiality agreement without order of the Court. Such an agreement may be enforced between the parties, provided it is consistent with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and this Court's Local Rules, including this Court's Local Rule on sealing. *See* Local Rule 1.11. To that end, "the parties may reach

3

their own agreement regarding the designation of materials as 'confidential.' There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order." *In re Engle Cases*, 2011 WL 13142139, at *2; *see also TMH Med. Servs., LLC*, 2018 WL 1918262, at *3.

Accordingly, the Motion, Doc. 20, is **denied without prejudice**.

**DONE AND ORDERED** in Jacksonville, Florida, on July 10, 2025.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record

4